UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

KEVIN MATTHEWS,            )
                           )
    Plaintiff,             )
                           )
vs.                        )    CIVIL ACTION NO. CV 96-S-1704-NE
                           )
ALABAMA A&M UNIVERSITY,    )
DR. VIRGINIA CAPLES, Interim )
President, AMY HERRING, Esq., )
University Counsel, EDWIN  )
HAYES; Chief, Department of )
Public Safety,             )
                           )
    Defendants.            )

ENTERED
JUN 24 1997

## MEMORANDUM OPINION

This action is before the court on defendants' motion for summary judgment. Upon consideration of the pleadings, motion, and plaintiff's response, this court concludes the motion is due to be granted, and this action dismissed.

Plaintiff's first claim is based on 42 U.S.C. § 1983. He alleges defendants deprived him of rights secured by the following provisions of the United States Constitution: the First Amendment, pertaining to the freedoms (among others) of speech and assembly; and, the Fourth Amendment, pertaining to the "right of the people to be secure in their persons ... against unreasonable searches and seizures," and further providing that "no Warrants shall issue, [except] upon probable cause, supported by Oath or affirmation...."[1] Plaintiff also asserts state law claims against all defendants for false imprisonment, malicious prosecution, libel and slander,

---

[1] Plaintiff's claims of a violation of the due processes and/or equal protection clauses of the Fourteenth Amendment are subsumed in the foregoing. See Pretrial Order entered May 29, 1997, at 3 n.1.

23

negligence, and outrage. Plaintiff seeks compensatory and punitive damages and declaratory and injunctive relief.

Plaintiff has not designated the capacity in which he is suing the officers of Alabama Agricultural and Mechanical University ("the University"). Therefore, this court must assume those officers are sued only in their official capacities. *See Wilbert v. City of Chicago*, 768 F. Supp. 253, 255 (N.D. Ill. 1991)("Wilbert has not designated the capacity in which she is suing the two officers. Therefore, the court must assume that the suit has been brought against the police officers in their official capacities."); *see also* Charles R. Richey, *Manual on Employment Discrimination Law and Civil Rights Actions in the Federal Courts* § 4:58 (1995).

### I. STATEMENT OF CASE

Plaintiff, Kevin Matthews, is a former employee of the University whose employment was terminated. On August 18, 1994, he brought suit against the University in the Circuit Court of Madison County, Alabama (CV-94-1581), alleging wrongful discharge. (Plaintiff's Amended Complaint, ¶ 5.) Plaintiff claims he was subjected to harassment by University officials after he filed that lawsuit. He wrote a letter dated November 3, 1995 to defendant Edwin Hayes, Chief of the University's Department of Safety, stating as much. (Complaint: Exhibit 3.) Because plaintiff was involved in litigation with the University, his letter was presented to defendant Amy Herring, the University's Special Counsel. (*Id.*: Exhibit 2.) Plaintiff alleges

2

> Herring responded to Plaintiff's complaints of harassment, and to instructions regarding the same from Defendant Dr. Caples, A&M Interim President, by designing a special criminal trespass form ... and by instructing Chief Hayes to deliver the same to Plaintiff, and to arrest him upon his return to A&M campus.

(*Id.*, ¶ 8.)

On November 21, 1995, plaintiff visited the University campus. Officer Raymond Johnson informed plaintiff that he was trespassing and issued plaintiff a "criminal trespass form." (*Id.*: Exhibit 3.) The form provides for an "Acknowledgment" by the warned trespasser. If the trespasser refuses to complete the "Acknowledgment," however, then the issuing officer completes the following provision:

<u>COMPLETE IF PERSON WARNED REFUSES TO ACKNOWLEDGE WARNING</u>:

> On this ___ day of ____, 199_. I warned _____ that he/she was trespassing on the campus of Alabama A&M University. I further requested that he/she leave the premises immediately and refrain from returning to the campus of Alabama A&M University. He/she refused to sign the foregoing Acknowledgment and a copy of the Acknowledgment as signed below by me was given to him/her.

(*Id.*) Officer Johnson completed that portion of the form, but incorrectly labeled <u>himself</u> as the person warned. Officer Johnson later realized his error and issued plaintiff a second warning, but this time incorrectly listed plaintiff as "Calvin [sic] Matthews." (*Id.*: Exhibit 4.)

Plaintiff did not leave the campus after such warnings. Instead, he went to the office of Barbara Davis, the University's Alabama Education Association Representative. (Plaintiff's Amended Complaint, ¶ 11.) When University officers realized plaintiff still was on University property following warning, they arrested

3

him for criminal trespass in violation of *Alabama Code* § 13A-7-4,[2] and transported him to the Huntsville City Jail.

Plaintiff was tried in the Municipal Court of the City of Huntsville, Alabama on January 19, 1996. The court ruled "the University had the right to issue the warning" (Defendants' Submission: Transcript from Municipal Court trial, at 54), but found the trespass warning to be ambiguous, and adjudged plaintiff "not guilty."

Plaintiff returned to the University campus on March 27, 1996, and was issued yet a third trespass warning. (Amended Complaint, ¶ 18.) Thereafter, plaintiff filed this action in the Circuit Court for Madison County, Alabama. The case was removed to this court on July 1, 1996.

## II. SECTION 1983 CLAIMS

The Eleventh Amendment[3] prohibits a federal court from exercising jurisdiction over a suit against a state, except where the state has consented to be sued, or has waived its immunity, or Congress has overridden the state's immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100, 104 S.Ct. 900, 906-08, 79 L.Ed.2d 67 (1984); *Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979)).

---

[2] *Alabama Code* § 13A-7-4(a) provides: "A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises."

[3] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

4

### A.   Claims for Monetary Relief

In *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974), the Court held that Eleventh Amendment immunity bars suits by private parties "seeking to impose a liability which must be paid from public funds in the state treasury." The Eleventh Circuit has held that state universities in Alabama are "agencies or instrumentalities of the state." *Harden v. Adams*, 760 F.2d 1158, 1163 (11th Cir.), *cert. denied*, 474 U.S. 1007, 106 S.Ct. 530, 88 L.Ed.2d 462 (1985)(citing *Massler v. Troy State University*, 343 So.2d 1 (Ala. 1977); *Ellison v. Abbot*, 337 So.2d 756 (Ala. 1976)). Therefore, plaintiff's § 1983 claim for money damages against defendant Alabama A & M is due to be dismissed.

Where the defendant is an entity other than the state, the suit may nonetheless be barred if the state is the "real party in interest." *McMillian v. Johnson*, 101 F.3d 1363, 1365 (11th Cir. 1996). Here, plaintiff sued defendants Caples, Herring, and Hayes in their official capacities as agents of the school. Official capacity actions seeking damages are deemed to be against the entity for which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-67, 105 S.Ct. 3099, 3104-06, 87 L.Ed.2d 114 (1985). Accordingly, plaintiff's § 1983 claims against defendants Caples, Herring, and Hayes are due to be dismissed, to the extent he seeks monetary damages.

## B.  Claims for Prospective Injunctive Relief

On the other hand, the Supreme Court does not view the Eleventh Amendment as a bar to suits for prospective injunctive relief against state officials acting in their official capacity. *Parker v. Williams*, 862 F.2d 1471, 1475 (11th Cir. 1989)(citing *Edelman*, 415 U.S. at 664, 94 S.Ct. at 1356). Plaintiff seeks injunctive relief and a declaratory judgment pursuant to Alabama Code § 6-6-223.[4]

Even though § 1983 claims are "analyzed as a species of tort,"[5] § 1983 is not a general tort statute. *Shillingford v. Holmes*, 634 F.2d 263, 264 (5th Cir. 1981). Rather, it is a means to address torts that rise to the level of constitutional significance. "Section 1983 does not convert common law torts into constitutional claims when the tortfeasor so happens to be acting under color of state law." *Dismukes v. Hackathorn*, 802 F.Supp. 1442, 1447 (N.D. Miss. 1992); *see also*, *Shillingford*, 634 F.2d at 264 (Section 1983 does not grant cause of action for every injury wrongfully inflicted by a state officer). Thus, the question becomes, were the acts of defendants "--apart from [their] lawfulness or unlawfulness in the context of state law -- ... sufficiently

---

[4] *Alabama Code* § 6-6-223 provides: "Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

[5] *Williams v. Kelley*, 624 F.2d 695, 697 (5th Cir. 1980), *cert. denied*, 451 U.S. 1019, 101 S.Ct. 3009, 69 L.Ed.2d 391 (1981)(citations omitted).

6

egregious to rise to the level of a violation of the Constitution." *Dismukes*, 802 F.Supp. at 1447 (citing *Williams*, 624 F.2d at 697). This court concludes *sua sponte* that neither the issuance of three trespass warnings, nor the threat of other warnings being issued in the future, is "sufficiently egregious to rise to the level of a Constitutional violation." *Id*. Therefore, plaintiff's § 1983 claims for injunctive and declaratory relief are due to be dismissed.

## II. STATE LAW CLAIMS

Plaintiff also asserts state law claims for false imprisonment, malicious prosecution, libel and slander, negligence, and outrage. Federal jurisdiction over such claims is governed by 28 U.S.C. § 1367(a), which provides that:

> in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Even so, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This court exercises such discretion and declines.

## III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is due to be granted, and plaintiff's federal claims dismissed; his state claims shall be remanded to the court from

7

which they were removed. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this __24th__ day of June, 1997.

_____
United States District Judge

8